IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MUJAHID BROWN<br>1032 ROANOKE RD.<br>CLEVELAND, OH 44121 | )<br>)<br>)<br>) | CASE NO:<br><br>JUDGE: |
| *Plaintiff,*<br>-vs- | )<br>)<br>) | |
| STATE FARM MUTUAL AUTO<br>INSURANCE COMPANY<br>ONE STATE FARM PLAZA<br>BLOOMINGTON, IL 61710-0000 | )<br>)<br>)<br>)<br>) | COMPLAINT<br><br>(*Jury Demand Endorsed Hereon*) |
| *Defendant.* | )<br>) | |

### FIRST CLAIM FOR RELIEF

*Claim for uninsured/underinsured motorist coverage*

1. At all times relevant herein, Plaintiff, Mujahid Brown, was a resident of Cuyahoga County, Ohio.

2. At all times relevant herein, Defendant, State Farm Mutual Auto Insurance Company ("State Farm"), is an insurance company duly organized and existing pursuant to the laws of Ohio including Cuyahoga County, Ohio and licensed and doing substantial business by providing insurance to its insured in consideration of premium payments in Ohio at all times alleged herein.



3. At all times relevant herein, Plaintiff was insured under a contract of insurance issued and sold by State Farm that insured, among others, Plaintiff and operators and occupants of the vehicle Plaintiff was operating/occupying at the time of the subject incident.

4. Said contract of insurance through State Farm is believed to bear the policy number 35-817W-014. Plaintiff is not in possession of a complete copy of said policy.

5. The State Farm policy provided to Plaintiff provides various insurance coverages including uninsured/underinsured motorist's coverage and/or medical payments coverage.

6. On or about February 18th, 2016, Plaintiff was lawfully operating his motor vehicle on E. 146th St. in Cleveland, Ohio.

7. At the same time and place, Plaintiff began to turn into a driveway on E. 146th St. when Plaintiff's vehicle was struck on the passenger side by an unidentified SUV traveling at a high rate of speed.

8. After the collision, the driver of the unidentified SUV ("John Doe") exited the vehicle and fled the scene.

9. After all due diligence, John Doe has not been identified by Plaintiff or law enforcement officials.

10. As a direct and proximate result of the collision, Plaintiff sustained serious and long-lasting and/or permanent personal injuries and damages, including, without limitation: C6-7 disc herniation, C7-T1 disc herniation, C5-6 disc bulge, aggravation of prior L4/5 discectomy (2012), lumbar strain, chest wall hematoma, contusion of left thorax, and exacerbation of hypertension.

11. As a further direct and proximate result of the collision, Plaintiff required (and continues to require) medical care and treatment for which he has incurred (and will continue to incur) expenses for the evaluation, diagnosis, care, and treatment of his injuries.

12. As a further direct and proximate result of the collision, Plaintiff suffered (and will continue to suffer) a loss in the enjoyment of his life and his ability to live free of pain, discomfort, and disability and has suffered a loss of his ability to perform his usual functions including those involved with daily activities as well as those activities from which he derived pleasure, enjoyment, and/or income.

13. As a further direct and proximate result of the collision, Plaintiff has suffered a loss of income, a loss of or diminished working and earning capacity and a potential loss of income and earning potential and capacity into the future.

14. As a further direct and proximate result of the collision, Plaintiff has incurred (and will continue to incur) economic losses and out-of-pocket expenses including, but not limited to: prescription and medical supply expenses and/or charges, fees and/or expenses related to prosecuting this action.

15. Plaintiff believes that some or all of his injuries, damages, harms, and losses as stated herein are permanent and/or long lasting, and will continue into the indefinite future.

16. Plaintiff believes and therefore states that he has fully complied with all the provisions and requirements of said State Farm Policy issued by Defendant State Farm such that he is entitled to, has made, or is hereby making a claim for the maximum benefits of uninsured motorist coverage (as the case may be) and medical payments coverage provided for under the State Farm Policy for the aforementioned

3

subject incident and for the resulting injuries, damages, losses and treatment expenses set forth in this Complaint.

17. Plaintiff has made a claim under said contract for medical payments coverage and uninsured motorist coverage from State Farm for the injuries, damages and losses set forth in this Complaint but State Farm has denied or has failed to adequately respond to Plaintiff's claims.

18. State Farm's denial of or failure to adequately respond to Plaintiff's claims for medical payments coverage and uninsured motorist coverage constitutes a breach of said contract of insurance.

19. As a direct and proximate result of State Farm's breach of said contract of insurance, Plaintiff has been damaged in the amount of or in excess of the limits of medical payments coverage and uninsured motorist coverage available under said contract of insurance.

## SECOND CLAIM FOR RELIEF

*Breach of contract claim against State Farm*

20. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 19 as if fully rewritten herein.

21. Defendant, State Farm is a corporation authorized to do the business of insurance within Cuyahoga County, Ohio.

22. On February 18th, 2016, Plaintiff was injured and received damages as a result of the negligence of an unknown Defendant, an uninsured/underinsured motorist, as set forth in the first Count for relief.

4

23. On February 18th, 2016, Plaintiff was insured under a policy of automobile insurance which contained medical payments coverage. A copy of said insurance policy is not attached pursuant to Civil Rule 10 as Plaintiff is not in possession of said policy.

24. Plaintiff has made a claim for medical payments coverage under Defendant, State Farm's policy of insurance.

25. Plaintiff has cooperated with Defendant with respect to the claim for medical payments coverage and has complied with all applicable terms and conditions of Defendant, State Farm's automobile policy insurance.

26. Plaintiff has demanded payment of medical payment coverage pursuant to Defendant, State Farm's automobile liability policy of insurance and/or general liability insurance policy as a result of Plaintiff's injuries and damages as referred to in Paragraph 10, but Plaintiff and Defendant, State Farm have not been able to agree as to whether Plaintiff is legally entitled to recover damages or the amount of the damages pursuant to conditions of the medical payments provision of Defendant, State Farm's automobile liability policy of insurance and/or general liability insurance policy.

27. Defendant, State Farm has failed and refuses to make adequate payment under the terms of the medical payment provisions of its automobile liability policy of insurance and/or general liability insurance.

### THIRD CLAIM FOR RELIEF

*Bad faith insurance claim against State Farm*

28. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 27 as if fully rewritten herein.

5

29. State Farm owes its insured, Plaintiff, the duty of good faith and fair dealing in the handling, processing and payment of Plaintiff's claim.

30. Plaintiff believes and therefore states that State Farm's processing of Plaintiff's claim and its inadequate offer of coverage is/was unreasonable, without reasonable or proper justification, unsupported by law, fraudulent, malicious, intentional, insulting, oppressive, in bad faith, and/or was not in good faith.

31. State Farm has failed to provide adequate coverage for Plaintiff's claims for uninsured/underinsured motorist benefits and has failed to respond to Plaintiff's demand in a timely and suitable manner.

32. Plaintiff further believes and therefore states that State Farm's actions demonstrate malice, aggravated or egregious fraud, oppression, or insult, and that State Farm as principal or master authorized, participated in, and/or ratified the actions or omissions of its agents, adjusters, and employees who failed to provide adequate coverage.

33. Plaintiff further believes and therefore states that State Farm's actions have deprived Plaintiff of the benefits to which he is rightfully and legally entitled to and for which State Farm has assessed, charged and collected a premium.

**WHEREFORE**, Plaintiff respectfully requests judgment in favor and against Defendant State Farm, in an amount that is just and fair and in excess of twenty-five thousand dollars ($25,000.00) (exclusive of costs and interest), and costs and other relief that this Honorable Court deems just under the circumstances.

Electronically Filed 12/22/2017 12:51 / / CV 17 890751 / Confirmation Nbr. 1258035 / CLAHJ

Respectfully submitted,
*PLEVIN & GALLUCCI CO., L.P.A.*

/s/ *Fred S. Papalardo, Jr.*
**FRED S. PAPALARDO, JR.** (0083189)
**DAVID R. GRANT** (0065435)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
216-861-0804
216-861-5322 - fax
fpapalardo@pglawyer.com
dgrant@pglawyer.com
*Counsel for Plaintiff*

## JURY DEMAND

A trial by jury is hereby demanded on all issues herein.

/s/ *Fred S. Papalardo, Jr.*
*Counsel for Plaintiff*

7



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**December 22, 2017 12:51**

By: FRED S. PAPALARDO 0083189

Confirmation Nbr. 1258035

MUJAHID BROWN　　　　　　　　　　　　　　CV 17 890751

vs.

　　　　　　　　　　　　　　　　　　　Judge: STUART A. FRIEDMAN

STATE FARM MUTUAL AUTO INSURANCE
COMPANY, ET AL

Pages Filed: 7